IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr310-MHT |
| | ) | (WO) |
| **ROBERT KEON WILLIAMS** | ) | |

### ORDER

This cause is before the court on defendant Robert Keon Williams's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for November 13, 2023, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

>  seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period "[a]ny period of delay ... resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A). It also excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the

Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Williams in a speedy trial. A competency evaluation of Williams is currently underway. He has met with a forensic psychologist, who has yet to issue a final report. Williams's counsel represents that the parties cannot move forward with their plea negotiations until concerns about his competency are resolved. A continuance is warranted to finalize the competency evaluation and to provide Williams an opportunity to attempt to reach a satisfactory plea agreement. Moreover, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 21) is granted.

(2) The jury selection and trial, now set for November 13, 2023, are reset for February 5, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 27th day of October, 2023.

                                    /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**