IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )     CRIMINAL ACTION NO.
      v.                      )         2:23cr310-MHT
                              )            (WO)
ROBERT KEON WILLIAMS          )
```

ORDER

This case is before the court on defendant Robert Keon Williams's petition for early termination of supervised release. The supervising probation officer and the government oppose early termination. The court held an in-person hearing on June 18, 2026, to discuss the parties' positions. For the reasons set forth below, Williams's petition will be denied, albeit with leave to renew after a few months as outlined below.

District courts have the authority to terminate a defendant's term of supervised release "after the expiration of one year" if "such action is warranted by the conduct of the defendant" and is in "the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding a request for early termination, courts must first

consider whether "the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" support early termination. *Id.*

Williams, who was convicted of one count of failure to register as a sex offender, seeks early termination of supervised release so that he can return to Michigan.[*] He has completed two years of his five-year term of supervised release. Although Williams suffers from diminished intellectual capacity, he has successfully learned to comply with federal, state, and local sex-offender registration laws. He has also opened his own car detailing business. Finally, he has successfully completed biweekly mental-health counseling to treat his history of domestic violence.

_____

[*] The court notes that because Williams has been convicted of a sex offense for which registration is required under the Sex Offender Registration and Notification Act (SORNA), *see* 34 U.S.C. § 20901 *et seq.*, regardless of whether federal supervised release is terminated and regardless of where Williams resides, he will nevertheless be subject to some level of oversight.

Williams stated he has benefitted from the counseling because it helped him learn better coping strategies. The court commends him for completing his treatment and for demonstrating changed behavior.

However, the court is not confident that early termination is warranted just yet. Williams's time on supervised release has not been completely without incident. He has had two positive drug screens, one from January 2025 and another from about seven months ago, in November 2025. Additionally, in January 2025, Williams and his supervising probation officer jointly moved to modify the conditions of supervised release to add a no-contact order between Williams and his ex-girlfriend following a stalking charge that she filed against him. There is no evidence that Williams has had contact with the alleged victim since then. The incidents suggest that rehabilitative supervision is still needed in light of "the history and characteristics of the defendant[,...] the need ... to afford adequate deterrence to criminal conduct[, and

3

the need] ... to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (a)(2)(B), and (a)(2)(C).

While the court understands Williams's desire to move on with this new phase of his life without supervision, *the court would like to see him complete a full year of supervision, without incident or conduct that would reflect the need for continued supervision, before granting early termination*, as suggested by one of his supervising probation officers.  The court believes that in light of all the circumstances presented, "continued supervision is necessary to reinforce [Williams's] gains and provide an additional measure of accountability."  *United States v. Easterly*, No.2:18cr243-MHT, 2026 WL 1487857, at *1 (M.D. Ala. May 26, 2026) (Thompson, J.).

Accordingly, having considered the applicable factors under 18 U.S.C. § 3553(a), it is ORDERED that:

(1) Defendant Robert Keon Williams's petition for early termination of supervised release (Doc. 63) is

**4**

denied with leave to renew.

(2) The United States Probation Office shall file a report on November 20, 2026, describing how defendant Robert Keon Williams is faring on supervised release, including whether, during the time between now and then, he has complied with all the conditions of supervision and has not otherwise engaged in conduct that would reflect the need for continued supervision. At that time or thereafter, defendant Williams may renew his petition for early termination of supervised release.  In that petition, he should indicate whether the government and the probation department still oppose early termination.

DONE, this the 25th day of June, 2026.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

5